IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR TYRICK SHAW** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL NUTTER; LOUIS GIORLA; and** | : | |
| **M. FARRELL** | : | **No. 15-1209** |

**NORMA L. SHAPIRO, J.**                                                                                           **OCTOBER 1, 2015**

### MEMORANDUM

*Pro se* plaintiff Omar Tyrick Shaw brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated within the Philadelphia Prison System. The court granted plaintiff's application to proceed *in forma pauperis* on October 1, 2015. The court will dismiss plaintiff's complaint *sua sponte* for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii). Plaintiff will be granted leave to file an amended complaint.

### I. BACKGROUND

Plaintiff filed a typed, form complaint alleging Mayor Michael Nutter, Commissioner of Philadelphia Prison System Louis Giorla, and Warden of Curran-Fromhold Correctional Facility Michele Farrell are violating his First, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff alleges he is being housed in a three-man cell (a two-person cell with a plastic boat on the floor for a third inmate) and a four-man cell during his incarceration within the Philadelphia Prison System as a pretrial detainee. Plaintiff states he is subjected to overcrowded conditions including: inadequate recreational space; poor ventilation and air quality; damaged mattresses and sheets; inadequate laundry access; and inadequately trained correctional officers to supervise the overcrowded prison. He contends showers are "covered with black mold and in disrepair, and the cells are infested with insects and rodents." The complaint further states, due to overcrowding, inmates are "subjected to extended

periods of 'restricted movement' and 'lockdowns.'" Plaintiff does not allege any physical injury.[1]

The settlement agreement in *Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87, pertaining to a class of current and future persons confined in the Philadelphia Prison System, granted class based relief, but excluded individual claims for damages. Section X(A) states, "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law." *Id.* All such actions have been assigned to this judge.

## II. STANDARD OF REVIEW UNDER 28 U.S.C. § 1915(e)(2)(B)(ii)

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court can *sua sponte* dismiss *in forma pauperis* actions if the court finds the complaint fails to state a claim on which relief may be granted. The standard for dismissing a complaint for failure to state a claim under this subsection is the same as the standard used when evaluating motions to dismiss for failure to state a claim under Rule 12(b)(6). *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). A complaint must contain sufficient facts that, when accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.* Where, as here, the plaintiff is proceeding *pro se*, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

## III. SECTION 1983 ACTIONS

Section 1983 provides a remedy for deprivation of rights established by the Constitution or federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting

---

[1] Under the Prison Litigation Reform Act, an incarcerated plaintiff cannot recover compensatory damages if he has not alleged and proved a substantial physical injury. 28 U.S.C. § 1997(e)(e).

under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Liability under § 1983 cannot be premised on a theory of respondeat superior (holding a superior liable for his subordinate's wrongdoing); personal wrongdoing of each defendant must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

## IV. DISCUSSION

Plaintiff's complaint alleges § 1983 claims based on his housing in the overcrowded Philadelphia Prison System. Plaintiff has failed to include any allegations that defendants were personally involved in the alleged deprivation of his constitutional rights. Plaintiff's complaint names defendants, states defendants' responsibilities, and alleges the Mayor of Philadelphia and the City Managing Director devoted funds "to obstruct the Plaintiff's aforementioned rights under the Constitution" by placing the plaintiff in three- and four-man cells. Listing defendants' job responsibilities and generally alleging funds are being directed to obstruct plaintiff's rights without additional information are insufficient to create allegations of personal direction or actual knowledge and acquiescence. The allegations in plaintiff's complaint are not sufficient to state a claim against individual defendants under § 1983.

## V. LEAVE TO AMEND

A district court should generally grant a plaintiff who has filed a motion to proceed *in forma pauperis* and a complaint subject to dismissal for failure to state a cognizable claim the right to amend his pleading unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Since it is conceivable plaintiff could amend his complaint to overcome the deficiencies, he will be granted leave to file an amended complaint.

## VI. CONCLUSION

Plaintiff's complaint is dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be granted leave to file an amended complaint. If plaintiff fails to file an amended complaint, the court will dismiss this action. An appropriate order follows.